IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,   )
                            )
        Plaintiff,          )
                            )
    v.                      )  No. 13 CR 560
                            )
Steven M. Brazile,          )
                            )
        Defendant.          )
                            )
                            )

## Memorandum Opinion and Order

Before me is Defendant's motion to modify the criminal restitution order included as part of his sentence under the Mandatory Victims Restitution Act ("MVRA"). The restitution order mandates payment of $3,902,880.85 to the victim of defendant's fraud, his former employer, Sara Lee (later renamed Hillshire Brands). For the reasons that follow, the motion is denied.

Defendant does not dispute that as of September 22, 2016, $3,123,021.44 remains owing. Nevertheless, he asks me to "modify" the restitution order to reflect that it has been satisfied by: 1) his payment to Sara Lee of $782,745.15, and 2) the settlement of a civil case between defendant and Sara Lee. Defendant cites 18 U.S.C. § 3664(j)(2)(B) as authority for his requested relief.

Section 3664(j)(2)(B) provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--(A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State." The purpose of this provision is to prevent victims from double recovery for their losses. *United States v. Elson*, 577 F.3d 713, 733-34 (6th Cir. 2009). Defendant bears the burden of establishing his entitlement to any offsets to the restitution order. *U.S. v. Malone*, 747 F.3d 481, 486 (7th Cir. 2014); *U.S. v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011).

I agree with the government that defendant has not carried his burden with respect to the credit he seeks based on his civil settlement with Sara Lee.[1] Defendant offers no evidence to substantiate his argument that "the parties deemed the civil settlement to be a universal resolution of all claims between them." Reply, at 3. Indeed, defendant has not provided the settlement agreement—the very document presumed to embody the parties' intent—to support this interpretation. Instead, he speculates about the value Sara Lee placed on "not having to litigate and face liability" for defendant's claims. While it is certainly possible to imagine a settlement agreement in which

---

[1] The government does not appear to dispute that the order has been partially satisfied by defendant's payment of $782,745.15.

Sara Lee explicitly relinquished its entitlement to restitution in exchange for defendant's dismissal of his claims, defendant has not come forward with any evidence to prove that that was indeed the agreement's effect. Absent such evidence, the government's suggestion that Sara Lee agreed to release its damages claim against defendant because it expected to be made whole by defendant's restitution payments is at least equally plausible.

Defendant's cited authorities do not support modifying his restitution obligation on the record here. To the contrary, *Elson* underscores that "evidence of the settlement itself" is insufficient to establish a defendant's entitlement to offsets to his restitution obligation. 577 F.3d at 734. In *Elson*, the court held that the release of a claim for attorney fees as part of a settlement did not bar restitution for those fees where the record reflected that the fees in fact remained uncompensated. *Id*. In *United States v. Dawson*, 250 F.3d 1048 (7th Cir. 2001), the court affirmed the district court's decision not to offset the defendant's restitution obligation by amounts the defendant insisted the victim had "surely" received from co-conspirators, absent evidence that the co-conspirators had in fact made such payments. *Id*. at 1050-51. In *United States v. Webber*, 536 F.3d 584 (7th Cir. 2008), the court reversed the district court's restitution order and remanded for resentencing based on the

government's admission that the restitution award exceeded the loss the victim sustained as a result of the defendant's crime. *Id*. at 603, 605. And in *United States v. May*, 500 F. App'x. 458 (6th Cir. 2012), the court affirmed the district court's denial of the defendant's motion to deem restitution satisfied by a civil agreement "purporting to absolve [defendant] of his restitution obligations ordered by the federal district court as part of his criminal sentence," noting that the district court had appropriately allowed restitution off-sets to reflect amounts "paid under the Agreement." *Id*. at 463. Here, defendant does not claim to have made any payments under the parties' civil settlement agreement. Accordingly, to the extent *May* is on point at all, it militates against the relief defendant seeks.

For the foregoing reasons, defendant's motion to modify the order of restitution to reflect that it has been satisfied is denied.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 22, 2016

4